### PEDRO BARSTADO v. THE STATE.

#### No. 3006.   Decided May 10, 1905.

**Assault to Murder—Provoking the Difficulty—Charge of Court.**

A charge of the court on provoking the difficulty which fails to state that the accused must do some act after meeting his adversary, or make some statement calculated to provoke him to some kind of resentment is fatally defective; and this where the evidence raises this issue and would justify a charge on provoking the difficulty.

Appeal from the District Court of Taylor.   Tried below before Hon. J. H. Calhoun.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*B. A. Cox* and *W. L. Grogan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, three years in the penitentiary being fixed as the punishment. In his motion for new trial appellant complains of various errors in the charge of the court. After reviewing the same it is only necessary to consider one objection urged in said motion to wit: the objection to the charge on provoking the difficulty, which is as follows: "If you believe that the defendant committed the assault as a means of defense, believing at the time he did so, if he did so, that he was in danger of losing his life or of serious bodily injury at the hands of said Tom Gallamore, then you will acquit the defendant, unless you further believe from the evidence beyond a reasonable doubt that the defendant sought the meeting with the said Tom Galamore for the purpose of provoking a difficulty with said Tom Gallamore with intent to take the life of said Tom Gallamore or to do him such serious bodily injury as might probably end in the death of said Tom Gallamore, and if you so believe from the evidence beyond a reasonable doubt, then you are instructed that if the defendant sought such meeting for the said purpose and with such intent, the defendant would not be permitted to justify on the ground of self-defense, even though he should thereafter have been compelled to act in his own self-defense; but if he had no such purpose and intention in seeking to meet the said Tom Gallamore,

if he did seek to meet him, then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger or what reasonably appeared to him at the time to be danger." This charge is not correct; we have repeatedly condemned it, and stated that the mere fact that a party sought deceased for the purpose of provoking a difficulty would not per se forfeit his right of self-defense. Will Smith v. State, from Falls County; Casner v. State, 43 Texas Crim. Rep., 12; 2 Texas Ct. Rep., 559; 57 S. W. Rep., 831. However, the evidence presents the issue of provoking the difficulty. The evidence for the State shows that appellant sought deceased for the purpose of provoking the difficulty, and offered him an insult just before the shooting began. This would justify the court in giving a proper charge on provoking the difficulty, but the one above quoted is not correct. The accused must do some act after meeting his adversary, or make some statement calculated to provoke him to some kind of resentment, before a charge of this character will be proper. The court must tell the jury that he must not only seek him for the purpose of provoking the difficulty, but must do some act or say some word calculated to provoke the difficulty.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*